UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD DORSEY<br>3515 Meadowbrook Dr.<br>Lorain, OH 44053<br><br>    and<br><br>CRAIG MURPHY<br>2717 Rita Drive<br>Lorain, OH 44053<br><br>*On behalf of themselves and all others similarly situated,*<br><br>           Plaintiffs,<br><br>    *v.*<br><br>AVIVA METALS, INC.<br>c/o Statutory Agent Michael J. Greathead<br>5311 West River Road North<br>Lorain, OH 44055<br><br>           Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiffs Donald Dorsey and Craig Murphy, on behalf of themselves and all others similarly situated, by and through counsel, respectfully file this Class and Collective Action Complaint, and state and allege the following:

**INTRODUCTION**

1. Plaintiffs Donald Dorsey and Craig Murphy bring this case to challenge policies and practices of Defendant Aviva Metals, Inc. (hereinafter referred to as "Aviva Metals" or "Defendant") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover

the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [] themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiffs also bring this case as a class action under Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

5. Plaintiff Donald Dorsey is an individual and a resident of Lorain County, Ohio.

6. Plaintiff Craig Murphy is an individual and a resident of Lorain County, Ohio.

7. Defendant Aviva Metals is a Texas corporation with its principal place of business / headquarters at 2929 West 12th Street, Houston, TX 77008.[1] According to records maintained by the Ohio Secretary of State, Defendant Aviva Metals' resident statutory agent for service of process is Michael J. Greathead, 5311 West River Road North, Lorain Ohio 44055.[2]

---

[1] *See* https://www.avivametals.com/ (accessed Sept. 8, 2020).
[2] https://businesssearch.ohiosos.gov?=businessDetails/1880455 (accessed Sept. 8, 2020).

2

## FACTUAL ALLEGATIONS

### Defendant's Business

8. Defendant Aviva Metals is a "leading manufacturer[] of continuous cast bronzes in North America." [3] As described by company President Michael J. Greathead, Aviva Metals is "the largest stockist of copper based alloys in the United States."[4] Aviva Metals services every single industry that requires copper based alloys. In addition, Aviva Metals manufactures products and machines parts for customers. Aviva Metals previously did business as National Bronze and Metals (NBM Metals).[5] Aviva Metals operates one of the top producing, continuous cast foundries in the United States located at 5311 West River Rd N, Lorain, OH 44055.[6]

### Defendant's Status as an Employer

9. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly manufacturing employees, including Plaintiffs.

10. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

13. Upon information and belief, additional persons also qualify as employers under the FLSA and Ohio law, which broadly defines an employer as "any person acting directly or

---

[3] https://www.avivametals.com/ (accessed Sept. 8, 2020).
[4] https://www.manufacturinginfocus.com/35-years-new-beginning/ (accessed Sept. 8, 2020).
[5] *Id.*
[6] *See* https://www.avivametals.com/ (accessed Sept. 8, 2020).

indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); O.R.C. 4111.14(B) (incorporating the same meanings as the FLSA for the terms "employer," "employee," and "employ"). These to-be-identified individual and/or corporate persons were involved in the business operations of Aviva Metals, controlled the purse strings of Aviva Metals, had control over significant aspects of Aviva Metals' day-to-day functions (including determining employee wages), had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rates and methods of payment, and/or maintained, or were required to maintain, employment records.

**Plaintiffs', the FLSA Collective's, and Ohio Class's Employment Statuses with Defendant**

14. Plaintiff Donald Dorsey was employed by Defendant as an hourly employee from approximately January 2020 to August 2020. Plaintiff Donald Dorsey worked for Aviva Metals as a maintenance worker.

15. Plaintiff Craig Murphy was employed by Defendant as an hourly employee from approximately February 2020 to August 2020. Plaintiff Craig Murphy worked for Aviva Metals as a machinist.

16. At all times relevant, Plaintiffs and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

17. At all times relevant, Plaintiffs and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Overtime Violations**

18. The FLSA and Ohio law required Defendant to pay overtime compensation to employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

19. Plaintiffs and other members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek. For example, during the two workweek pay period of April 6-19, 2020, Plaintiff Donald Dorsey's paystubs indicate that Plaintiff worked at least 80.00 hours.

20. However, while Plaintiffs and other members of the FLSA Collective and Ohio Class frequently worked more than forty (40) hours in a single workweek, Defendant consistently failed to pay Plaintiffs and other members of the FLSA Collective and Ohio Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

*Defendant's Failure to Pay for All Hours, Including Overtime Hours, Worked*

21. Plaintiffs and Defendant's other hourly manufacturing employees were required to perform compensable work that was not paid. The unpaid work was required by Defendant, was performed for Defendant's benefit, and constituted part of hourly manufacturing employees' principal activities and/or was integral and indispensable to their principal activities.

22. Plaintiffs and other hourly manufacturing employees are required to clock into an electronic time keeping system at the start of their legally compensable workday. However, hourly manufacturing employees' hours are instead paid based on modified, inaccurate and/or incomplete records submitted to payroll from management. These modified, inaccurate and/or incomplete records do not include pre-shift compensable work performed for and required by Defendant.

23. Prior to their shift starting time, Plaintiffs and other hourly manufacturing employees are required to retrieve, don, and equip specialized equipment including metatarsal fire resistant boots, fire treated uniforms, and hard hats. Retrieving, donning, and equipping this equipment was required by Defendant, was required by the Occupational Safety and Health Administration ("OSHA"), was required by the nature of the foundry work performed, was performed for Defendant's benefit and constituted part of hourly manufacturing employees' principal activities, and/or was a necessary and indispensable part of their principal activities. These activities are thus compensable as they are "integral and indispensable to the principal activities that [manufacturing workers are] employed to perform [as these activities are an] intrinsic element of those activities and one with which [manufacturing workers] cannot dispense" if manufacturing workers are to perform their principal foundry work job activities.[7]

24. After retrieving and/or donning equipment necessary to perform their manufacturing work, Plaintiffs and other hourly manufacturing employees must walk to their assigned work areas. Plaintiffs and other hourly manufacturing employees are not paid for the time spent walking from different areas in which they retrieve and/or don equipment necessary to perform their manufacturing work to their assigned work area. Time spent walking was necessary to perform their manufacturing work, and donning equipment and walking to their assigned area was required by Defendant, was performed for Defendant's benefit and constituted part of hourly manufacturing employees' principal activities and/or was integral and indispensable to their principal activities.

25. In addition, prior to their shift starting time, Plaintiffs and other hourly manufacturing employees regularly meet with other manufacturing workers during which they

---

[7] *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 33-34, 135 S.Ct. 513, 190 L.Ed.2d 410 (2014).

discuss, among other things, the instructions and complications with the job/project or machine they are assigned to that day, any issues of which they should be aware, and other information directly related to the performance of Plaintiffs' and other similarly situated manufacturing employees' job duties.

26. The requirement to work overtime by hourly manufacturing employees was unavoidable due to production/productivity quotas, and hourly manufacturing employees were required to work unpaid overtime hours, including the pre-shift compensable work described above, to complete their job duties. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level – hourly manufacturing employees were under instructions and significant pressure from Defendant to complete all job tasks within their scheduled shift time.

27. Plaintiffs and other hourly manufacturing employees frequently work fifteen (15) to twenty-five (25) or more minutes outside the daily shift records submitted to payroll from which hourly manufacturing employees are paid.

28. However, although this additional pre-shift work was compensable under the FLSA, was required by Defendant, was required by the Occupational Safety and Health Administration ("OSHA"), was required by the nature of the foundry work performed, was performed for Defendant's benefit and constituted part of hourly manufacturing employees' principal activities, and/or was a necessary and indispensable part of their principal activities, this additional pre-shift work was not paid.

29. The FLSA and Ohio law required Defendant to pay overtime compensation to their non-exempt employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. *See* 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

30. Although Defendant suffered and permitted Plaintiffs and other members of the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendant failed to pay Plaintiffs and other members of the FLSA Collective and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiffs and other members of the FLSA Collective and Ohio Class were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

31. Defendant's willful failure to compensate Plaintiffs and other members of the FLSA Collective and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

*Defendant's Time Editing Overtime Violations*

32. In addition to the above overtime payment payroll practices or policies, while Plaintiffs and other members of the FLSA Collective and Ohio Class were paid on an hourly basis, Defendant consistently failed to pay Plaintiffs and other members of the FLSA Collective and Ohio Class for all hours worked.

33. Defendant's managers and/or supervisors edited, modified, and/or altered Plaintiffs' and other members of the FLSA Collective's and Ohio Class's timekeeping records and/or avoided paying Plaintiffs and other members of the FLSA Collective and Ohio Class for work time occurring before the scheduled shift starting time in order to improperly reduce the number of hours they actually worked per week to reduce labor costs. *See* 29 C.F.R. § 785.11.

34. Defendant's editing practices further reduced Plaintiffs' and other members of the FLSA Collective's and Ohio Class's compensable overtime hours. As a result, Plaintiffs and

other members of the FLSA Collective and Ohio Class were not paid overtime for many of their hours worked over forty (40) as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio Law.

## **Defendant's Record Keeping Violations**

35. The FLSA and Ohio law required Defendant to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

36. Defendant willfully failed to keep accurate records of hours and overtime worked. Thus, Defendant did not record or pay overtime hours in violation of the FLSA and Ohio law.

## **The Willfulness of Defendant's Violations**

37. Defendant knew that Plaintiffs and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

38. Defendant intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [] themselves and other employees similarly situated."

41. The FLSA Collective consists of:

> All present and former hourly manufacturing workers of Defendant during the period of three years preceding the commencement of this action to the present.

42. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

43. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

44. Plaintiffs cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

45. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

46. Plaintiffs also bring this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former manufacturing workers of Defendant during the period of two years preceding the commencement of this action to the present.

47. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiffs cannot yet state the exact number of class members but aver, upon information and belief, that they consist of over 100 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

48. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant paid overtime compensation to Plaintiffs and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;
>
> Whether Defendant's failure to pay overtime compensation to Plaintiffs and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek was willful; and
>
> What amount of monetary relief will compensate Plaintiffs and other members of the class for Defendant's violation of O.R.C. §§ 4111.03 and 4111.10.

49. Plaintiffs' claims are typical of the claims of other members of the Ohio Class. Plaintiffs' claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

50. Plaintiffs will fairly and adequately protect the interests of the Ohio Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiffs' counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

51. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

52. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

53. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

54. Plaintiffs bring this claim for violation of the FLSA's overtime provisions.

55. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

56. Plaintiffs and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

57. Defendant did not pay overtime compensation to Plaintiffs and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

58. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

59. As a result of Defendant's violations of the FLSA, Plaintiffs and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiffs and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

60. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

61. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

62. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

63. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

64. These violations of Ohio law injured Plaintiffs and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

65. Having injured Plaintiffs and other members of the FLSA Collective and Ohio Class, Defendant is "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law. O.R.C. § 4111.10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiffs and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiffs compensatory damages, prejudgment interest, their costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

                                              *s/ Kevin M. McDermott II*
                                              Kevin M. McDermott II (0090455)