IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD DORSEY, et al., | ) | CASE NO. 1:20 CV 2014 |
| On behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| AVIVA METALS, INC., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Motion for Leave to File First Amended Class and Collective Action Complaint Instanter. (Docket #18.) Plaintiffs' Class and Collective Action Complaint, filed on behalf of named Plaintiffs Donald Dorsey and Craig Murphy and all others similarly situated, was filed on September 8, 2020. Plaintiffs allege that Defendant, Aviva Metals, Inc. ("Aviva") willfully violated the Fair Labor Standards Act ("FLSA") and Ohio law by failing to pay overtime compensation to workers at the rate of one and one-half times their regular rate for all hours worked in excess of forty hours per workweek.

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs seek to amend their Complaint to clarify their claims for wage violations and add a defendant based upon information gathered to date through discovery. Specifically, Plaintiffs state that on April 23, 2021, during their Fed. R. Civ. P. 30(b)(6) deposition of Aviva's corporate representative, Joao C.F. Saraiva, they learned

additional information which supports amending the Complaint to add Mr. Saraiva as an individual, personally-liable defendant, and to add a revised and second class definition pertaining to the 10-minute time rounding policies which Plaintiffs allege constitute a *per se* violation of the FLSA.

On April 23, 2021, Plaintiffs' Counsel sent Counsel for Aviva a letter, giving notice that Plaintiffs intended to seek leave to amend the Complaint. On April 26, 2021, the Parties discussed the possibility of mediation. Over the next couple of months, Plaintiffs held off on filing a motion for leave to amend, as correspondence indicates Counsel for Aviva was contemplating whether Aviva would agree to mediate Plaintiffs' claims, along with the logistics and details of a potential mediation. On June 29, 2021, Counsel for Aviva indicated that it was not interested in mediation and that it would oppose Plaintiffs' proposed amendment of the Complaint.

Plaintiffs' Motion for Leave to File First Amended Class and Collective Action Complaint Instanter was filed on July 6, 2021. (Docket #18.) On July 20, 2021, Aviva filed its Memorandum in Opposition. (Docket #21.) Plaintiffs filed a Reply Brief on July 27, 2021. (Docket #22.)

### Discussion

Fed. R. Civ. P. 15(a)(2) provides that after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A district court may deny leave "in instances of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Glazer v. Chase Home Fin., LLC*,

704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Plaintiffs provided prompt notice to Aviva of their intent to amend the Complaint, and the reasons therefore, and there is no evidence of undue delay, bad faith or dilatory motive. Plaintiffs have not sought amendment prior to the instant Motion.

Aviva argues that it would be unduly prejudiced should amendment be permitted, specifically that extensive discovery has already been completed; depositions would need to be repeated; Aviva would incur significant additional expense defending against the proposed amendment; and, that the proposed amendment is untimely because it would require Aviva to modify its defense in this case a year into litigation. However, the current fact discovery deadline in this case is September 2, 2021 and, as represented by Plaintiffs, the FLSA "rounding claim" is straightforward; documents relevant to the proposed amendment have already been produced; and, Plaintiffs are satisfied with the testimony provided by Mr. Saraiva during his deposition as it relates to the proposed amendment. Furthermore, the proposed amendment streamlines the litigation by clarifying that class members only include workers who worked more than forty (40) hours during one or more workweeks and who were not paid for all hours worked by virtue of having their time edited and/or rounded.

### Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to File First Amended Class and Collective Action Complaint Instanter (Document #18) is hereby GRANTED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
Senior United States District Judge

DATED: August 16, 2021

-3-