UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD DORSEY, *et al.*, | ) | |
| *On behalf of themselves and all others similarly situated,* | ) ) ) | Case No. 1:20-cv-02014 |
| Plaintiffs, | ) ) ) | JUDGE BRIDGET M. BRENNAN |
| *v.* | ) ) ) | |
| AVIVA METALS, INC., *et al.,* | ) ) ) | |
| Defendants. | ) ) | |

<u>**JOINT MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS,
FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT,
AND OTHER ASSOCIATED RELIEF**</u>

The parties – Plaintiffs Donald Dorsey and Craig Murphy (hereinafter also collectively referred to as "Plaintiffs") and Defendants Aviva Metals, Inc. and Joao C.F. Saraiva (hereinafter also collectively referred to as "Defendants" or "Aviva Metals") – respectfully and jointly move the Court to enter a final order approving, as fair, reasonable, and adequate, the settlement of this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the settlement of Settlement Class Members' state-law claims pursuant to Fed. R. Civ. P. 23(e). In addition to the below Memorandum in Support, the parties attach the following in support of this joint motion:

| | |
|---|---|
| Exhibit 1: | Proposed *Order Granting Joint Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief* ("Proposed Final Order and Judgment"); |
| Exhibit 2: | Declaration of Robert Hyte [of Settlement Class Administrator Settlement Services, Inc.] re: Notice Mailing; |
| Exhibit 3: | Final Class Member List; and |
| Exhibit 4: | Declaration of Class Counsel Ryan A. Winters of Scott & Winters Law Firm, LLC ("Declaration of Class Counsel"). |

The settlement requires Defendants to make a total settlement payment of $750,000.00 plus any payroll taxes (such as, worker's compensation insurance, unemployment insurance, or the employer's social security contributions) ordinarily borne by Defendant Aviva Metals, Inc. as an employer pursuant to normal payroll practices. If approved, the settlement will be distributed as follows: (i) $444,774.06 will be paid to the 208 Class Members and FLSA Collective Action Members; (ii) a $10,000 service award will be paid to each of the Named and Representative Plaintiffs Donald Dorsey and Craig Murphy (for a total of $20,000.00); (iii) a total of $260,225.94 ($250,000.00 in attorneys' fees (33.33% of the total settlement fund) and $10,225.94 in costs) will be paid to Class Counsel Scott & Winters Law Firm, LLC (hereinafter "Class Counsel"); and (iv) $25,000.00 will be paid to Settlement Class Administrator Settlement Services, Inc. (hereinafter "SSI") as necessary costs of settlement administration.

Points and authorities supporting approval of the settlement were submitted in the parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF #73) ("Preliminary Approval Motion"), which was adopted by the Court in its Order Granting Preliminary Approval of Settlement (ECF #74) ("Preliminary Approval Order"). Today's motion incorporates the earlier submissions and supplements their content. At the time of this filing, no Settlement Class Members have asserted an objection to the settlement, and no Settlement Class Member has requested exclusion from the Settlement Class.[1]

---

[1] The parties note that one (1) potential class member requested exclusion at the time of contested class certification. (*See* ECF #50-1.) As a prior opt-out, this individual did not receive notice as, by definition, this individual was not a "Covered Class/Collective Member."

Respectfully Submitted,

s/ Ryan A. Winters
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs and Class Counsel*

s/ Jessica L. MacKeigan (via email consent)
Mark S. Fusco (Reg. No. 0040604)
    Direct Dial: 216-619-7839
    Email: mfusco@walterhav.com
Jessica L. MacKeigan (Reg. No. 0087121)
    Direct Dial: 216-928-2928
    Email: jmackeigan@walterhav.com
P: 216-619-7839
**WALTER | HAVERFIELD LLP**
The Tower at Erieview
1301 E. Ninth Street, Suite 3500
Cleveland, Ohio 44114
Phone: 216-781-1212/Fax: 216-575-0911

*Attorneys for Defendants*

### TABLE OF CONTENTS

Table of Authorities ..................................................................................................... v

Memorandum in Support ............................................................................................ 1

I.      Introduction ..................................................................................................... 1

II.     Background and Summary of the Claims and the Terms of Settlement .......................... 2

III.    Preliminary Approval of the Class/Collective Settlement ................................... 6

IV.    The Court-Approved Notice Process ................................................................ 6

V.     Argument .......................................................................................................... 7

        A.     Settlement of the FLSA Claims ............................................................ 7

        B.     Settlement of the State Law Claims ...................................................... 8

        C.     The Results of the Notice Process Favor Approval ................................ 8

        D.     The Requested Attorney Fee and Litigation Costs Reimbursement
             Should be Approved ............................................................................ 10

                1.     The *Ramey* Six-Factor Test Supports the
                      Reasonableness of the Fee Award ................................. 11

                2.     A Lodestar Cross-Check Supports the
                      Reasonableness of the Requested Fee ........................... 16

                        a.     Class Counsel's Hourly Rates are
                            Reasonable ....................................................... 17

                        b.     Class Counsel's Hours Expended are
                            Reasonable ....................................................... 19

                        c.     The Costs Expended by Class Counsel were
                            Both Reasonable and Necessary ....................... 24

VI.    Conclusion ...................................................................................................... 24

Certificate of Service ................................................................................................. 25

Certificate of Compliance with Page Limitation Requirements ..................................... 26

iv

**TABLE OF AUTHORITIES**

**Cases**

*Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343 (6th Cir.2000) ........................................... 17

*Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512
(S.D. Ohio Nov. 5, 2020) ....................................................................................................... 23

*Barnes v. Winking Lizard, Inc.,* N.D.Ohio No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657
(Mar. 26, 2019) ..................................................................................................... 10, 11, 13, 14

*Beckman v. KeyBank, N.A.*, 293 F.R.D. 467 (S.D.N.Y.2013) ....................................................... 14

*Berry v. Fun Time Pool & Spa, Inc.*, No. 2:20-cv-1610, 2020 U.S. Dist. LEXIS 148836
(S.D. Ohio Aug. 18, 2020) ....................................................................................................... 19

*Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ..................................... 17

*Bowling v. Pfizer, Inc.,* 102 F.3d 777 (6th Cir.1996) .................................................................... 16

*Castillo v. Morales, Inc.,* S.D.Ohio No. 2:12-CV-650, 2015 U.S. Dist. LEXIS 192936
(Dec. 22, 2015) ........................................................................................................................ 16

*Clark v. Pizza Baker, Inc.,* No. 2:18-cv-157, 2022 U.S. Dist. LEXIS 198354 (S.D. Ohio
Oct. 31, 2022) .......................................................................................................................... 19

*Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08–CV–1119, 2011 WL 292008
(S.D.Ohio Jan.26, 2011) .......................................................................................................... 11

*Dillow v. Home Care Network, Inc.*, No. 2:16-cv-612, 2018 U.S. Dist. LEXIS 170579,
2018 WL 4776977 (S.D. Ohio Oct. 3, 2018) ..................................................................... 17, 23

*Dillworth v. Case Farms Processing, Inc.*, N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist.
LEXIS 20446 (Mar. 8, 2010) ............................................................................................. 11, 12

*Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836
(S.D. Ohio May 17, 2021) ........................................................................................................ 19

*Feiertag v. DDP Holdings, LLC*, S.D.Ohio No. 14-CV-2643, 2016 U.S. Dist. LEXIS
122297 (Sep. 9, 2016) ......................................................................................................... 16, 17

*Foster v. Residential Programs*, S.D.Ohio No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS
30963 (Feb. 18, 2021) .............................................................................................................. 18

*Ganci v. MBF Insp. Servs.*, S.D.Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645
(Dec. 3, 2019) ..................................................................................................................... 17, 23

*Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir.2016) ...................................... 16

v

*Geier v. Sundquist,* 372 F.3d 784 (6th Cir.2004) ........................................................ 17

*Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887 (S.D. Ohio, June 24, 2011) .............................................................................................................................. 13

*Gresky v. Checker Notions Co*., No. 3:21-cv-01203, 2022 U.S. Dist. LEXIS 154506 (N.D. Ohio Aug. 26, 2022) .......................................................................................... 19

*Gunter v. Diamond Technical Services, Inc*., No. 2:20-cv-01428 (W.D. Penn. May 6, 2022) .............................................................................................................................. 18

*Harsh v. Kalida Mfg.,* No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869 (N.D. Ohio Sep. 13, 2021) ...................................................................................................................... 10

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litigation,* N.D.Ohio No. 1:08-WP-65000 (MDL 2001), 2016 U.S. Dist. LEXIS 130467 (Sep. 23, 2016) ...................... 8

*Jackson v. Trubridge, Inc*., N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782 (N.D. Ohio Jan. 26, 2017) ........................................................................................... 7

*Kritzer v. Safelite Sols., LLC,* No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994 (S.D. Ohio May 30, 2012) ...................................................................................................... 13

*Lonardo v. Travelers Indemnity Co*., 706 F. Supp. 2d 766 (N.D. Ohio 2010) ............................ 11

*Lowther v. AK Steel Corp.,* S.D.Ohio No. 1:11-cv-877, 2012 U.S. Dist. LEXIS 181476, 2012 WL 6676131 (Dec. 21, 2012) ............................................................................ 14, 17, 23

*Macaluso v. Zirtual Startups, LLC*, S.D.Ohio No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243 (Aug. 17, 2021) ............................................................................................... 16

*McKnight v. Erico Internatl. Corp.,* N.D.Ohio No. 1:21-cv-01826, 2023 U.S. Dist. LEXIS 25981 (Feb. 8, 2023) ............................................................................................ 15

*Osman v. Grube, Inc.,* No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222 (N.D. Ohio May 4, 2018) .......................................................................................................... 11, 17

*Perry v. Beard*, S.D.Ohio No. 3:17-cv-161, 2021 U.S. Dist. LEXIS 13717 (Jan. 23, 2021) ....... 19

*Pineda v. Pit Columbus, LLC*, No. 2:17-cv-668, 2017 U.S. Dist. LEXIS 195288 (S.D. Ohio Nov. 28, 2017) ...................................................................................................... 19

*Ramey v. Cincinnati Enquirer, Inc*., 508 F.2d 1188 (6th Cir. 1974) ...................................... 11, 12

*Rangel v. Paramount Heating & Air Conditioning, LLC*, No. 2:17-cv-473, 2020 U.S. Dist. LEXIS 39157 (S.D. Ohio Mar. 6, 2020) ........................................................................ 19

*Rawlings v. Prudential–Bache Prop., Inc.*, 9 F.3d 513 (6th Cir. 1993).................................. 10, 16

*Reagh v. Giesen Mgt. Assocs., LLC,* N.D.Ohio No. 5:22-cv-266, 2023 U.S. Dist. LEXIS 184121 (Oct. 13, 2023) ........................................................................... 18

*Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722 (Apr. 30, 2018) ........ 23

*Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09–CV–1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) ........................................................................... 11, 13

*Swigart v. Fifth Third Bank*, S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450 (July 11, 2014) ........................................................................... 11, 14, 17, 23

*Thorn v. Bob Evans Farms, Inc*., No. 2:12-CV-00768, 2016 U.S. Dist. LEXIS 195207, 2016 WL 814044 (S.D. Ohio Feb. 26, 2016) ........................................................................... 16

*Walls v. JP Morgan Chase Bank, N.A*., Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325 (W.D. Ky. Oct. 13, 2016) ........................................................................... 23

*Waters v. To You*, S.D.Ohio No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084 (Aug. 1, 2022) ........................................................................... 18, 23

*White v. Stark Cty. Veterans Serv. Comm*., N.D.Ohio No. 5:22-cv-1493, 2023 U.S. Dist. LEXIS 193634 (Oct. 30, 2023) ........................................................................... 18

*Wright v. Premier Courier, Inc*., S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019 (Aug. 17, 2018) ........................................................................... 16

**Rules**

Fed. R. Civ. P. 23 ........................................................................... passim

Fed. R. Civ. P. 26 ........................................................................... 20

N.D. Ohio Local Rule 7.1 ........................................................................... 26

**Statutes**

29 U.S.C. § 216 ........................................................................... i, 5, 7, 21

O.R.C. § 4111.01, *et seq.* ........................................................................... 2, 8

**Other Authorities**

Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: *What Explains Settlements in Shareholder Class Actions?* (National Economic Research Assocs. (NERA) June 1995) ........................................................................... 13

## MEMORANDUM IN SUPPORT

## I.     INTRODUCTION

Plaintiffs and Defendants submit this memorandum in support of their joint motion for final approval of the settlement of this class/collective action lawsuit. The settlement requires Aviva Metals to make a total settlement payment of $750,000.00. If approved, the settlement will be distributed as follows: (i) $444,774.06 will be paid to the 208 Class Members and FLSA Collective Action Members (*see* ECF #73-1, Class/Collective Action Settlement and Release Agreement ("Settlement Agreement") at PageID ##1700-1); (ii) a $10,000 service award will be paid to each of the Named and Representative Plaintiffs Donald Dorsey and Craig Murphy (for a total of $20,000.00) (*see id.* at PageID #1708, ¶ 12); (iii) a total of $260,225.94 (representing $250,000.00 in attorneys' fees and $10,225.94 in costs) will be paid to Class Counsel (*see id.* at PageID #1707-8, ¶ 11); and (iv) $25,000.00 will be paid to Settlement Class Administrator SSI as necessary costs of settlement administration (*id.* at PageID #1709, ¶ 13).

On July 14, 2023, the Court entered an order preliminarily approving the settlement and authorizing the issuance of notice to the Class Members. (*See* ECF #74.) The Court noted that Plaintiffs' counsel, Scott & Winters Law Firm, LLC, who was previously appointed as Class Counsel on September 28, 2022, remains as class counsel. (ECF #74 at PageID #1759 (citing *see* ECF #44 at PageID 1533-34 ("Plaintiffs' counsel of record meets the requirements of Rule 23(g). Plaintiffs' motion for the appointment of class counsel is GRANTED").)

The notice process is now complete, and the settlement is ripe for final approval. Notably, no Class Members have objected to the settlement. In anticipation of the November 14, 2023, 1:00 p.m. fairness hearing, the parties file the above motion and this memorandum in support and ask the Court to enter an order:

- Certifying, pursuant to Fed. Rs. Civ. P. 23(a) and 23(b)(3), a Rule 23 settlement class consisting of all present and former hourly nonexempt manufacturing employees of Aviva Metals, Inc. at Aviva Metals, Inc.'s 5311 West River Rd. N., Lorain, OH 44055 location during the period of September 8, 2018 until September 28, 2022, and who did not previously exclude themselves from this action ("Class Members" or the "Settlement Class");

- Approving, pursuant to Fed. R. Civ. P. 23(e)(2), the settlement of this action as "fair, reasonable, and adequate;"

- Approving Class Members' waiver of their wage and hour claims as provided in the Settlement Agreement;

- Approving a $10,000 service award payment to each of the Named and Representative Plaintiffs Donald Dorsey and Craig Murphy (for a total of $20,000.00); and

- Approving, pursuant to Fed. R. Civ. P. 23(h), a payment to Class Counsel of $260,225.94 (representing $250,000.00 in attorneys' fees and $10,225.94 in costs).

A proposed Final Order and Judgment is attached as Exhibit 1 for the Court's consideration.

## II.     BACKGROUND AND SUMMARY OF THE CLAIMS AND THE TERMS OF SETTLEMENT

Plaintiffs Donald Dorsey and Craig Murphy commenced this action on September 8, 2020 against Defendant Aviva Metals, Inc. seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.* (Compl., ECF #1.) On August 16, 2021, the Court entered a memorandum opinion and order granting Plaintiffs' motion for leave to file an amended complaint. (ECF #25.) On August 27, 2021, Plaintiffs filed their Plaintiffs' First Amended Class and Collective Action Complaint ("Amended Complaint"), which added Joao C.F. Saraiva as an individual Defendant, and added additional allegations pertaining to Defendants' alleged time rounding. (*See* ECF #28; *see also* ECF #18.) Defendants filed an Answer to the Amended Complaint, denying Plaintiffs' claims and asserting additional affirmative defenses. (*See generally* ECF #32, Defs.' Answer to Am. Compl.)

2

Plaintiffs filed their Motion for Fed. R. Civ. P. 23 Class Certification, Conditional Certification Pursuant to 29 U.S.C. § 216(b), Appointment of Class Counsel, and Issuance of Notice to Putative Class/Collective Action Members on August 23, 2021. (ECF #27.) The Court granted in substance Plaintiffs' Class Certification Motion on September 28, 2022. (ECF #44.) In its Memorandum Opinion and Order, the Court appointed and designated Plaintiffs' Counsel, Scott & Winters Law Firm, LLC, as Class Counsel. (*See id.* at PageID ##1533-34 ("… Plaintiffs' counsel of record meets the requirements of Rule 23(g). Plaintiffs' motion for the appointment of class counsel is GRANTED").)

After comprehensive and extensive investigations, formal, comprehensive discovery including written discovery, depositions of Representative Plaintiffs Donald Dorsey and Craig Murphy, and individual Defendant Joao C.F. Saraiva, who was also designated as Defendant Aviva's Fed. R. Civ. P. 30(b)(6) representative, as well as third party discovery of Defendants' payroll processor Paycom Payroll LLC ("Paycom") via subpoena – which permitted a comprehensive analysis of all relevant wage-and-hour information and data comprised of approximately 5,400,000 data points and calculations of the unpaid wages for the Class Members based off approximately 99% of the total timekeeping and payroll records during the relevant period – the parties were able to reach a final resolution of the matter following two mediations before Michael Ungar, a very seasoned and experienced mediator, on November 22, 2021 and April 27, 2023.

As a result of these comprehensive investigation and arms-length negotiations, Defendants have agreed to pay the total settlement amount of $750,000.00, which will be made in full and final settlement of: (1) the claims released by Plaintiffs and other Covered Class/Collective Members; (2) attorneys' fees and reimbursed litigation expenses; (3) costs of

administration; (4) service awards; and (5) any other obligations of Defendants under the Settlement Agreement.

The Rule 23 Settlement Class consist of:

All present and former hourly non-exempt manufacturing employees of Aviva Metals, Inc. at Aviva Metals, Inc.'s 5311 West River Rd. N., Lorain, OH 44055 location during the period of September 8, 2018 until September 28, 2022, and who did not previously exclude themselves from this action.

In addition, the FLSA Collective Action consists of:

All present and former hourly non-exempt manufacturing employees of Aviva Metals, Inc. at Aviva Metals, Inc.'s 5311 West River Rd. N., Lorain, OH 44055 location who have given timely consent in writing to become a party Plaintiff in the Action, and whose opt-in consent form was filed in this matter on or prior to May 1, 2023.

(ECF #73-1, Settlement Agreement at PageID ##1699.) From the Gross Settlement Amount, the total sum of $444,774.06 shall be allocated to the 208 Covered Class/Collective Members whose names are listed in the Final Class Member List attached as Exhibit 3, resulting in an average gross recovery of $2,138.34 per Covered Class/Collective Member. Payments to Class Members are based proportionally on each Class Member's respective weeks of service to Aviva Metals as non-exempt employees from September 8, 2018 (two years prior to the filing of Plaintiffs' Complaint) until September 28, 2022. In addition, FLSA Collective Action Members will receive additional compensation for the third year of recovery from the date of Plaintiffs' class/conditional certification filing (from August 23, 2018 (three years prior to the filing of Plaintiffs' class/collective certification motion) until September 28, 2022 if the individual opted in to this matter after August 23, 2021, or from three (3) years prior to the date the individual opted into this matter until September 28, 2022 if the individual opted in to this matter before August 23, 2021), including liquidated damages as applicable. *See* 29 U.S.C. § 216(b).

4

*After* deduction of attorneys' fees and expenses, at an average hourly rate of $19.49, Covered Class/Collective Members will receive an additional 21.41 minutes of pay per day worked over the class period based on a 5-day workweek (during the entire period based on each settlement participant's period of recovery). Based on the Settlement amount for the Class and an average hourly rate of $19.49, Class Members will receive approximately 178% of their alleged wage damages were they to have worked an additional 12 minutes per day off the clock, or 143% of their alleged wage damages were they to have worked an additional 15 minutes per day off the clock, an approximate average gross recovery of $2,138.34 per Covered Class/Collective Member. Moreover, inherent in the proposed distribution method in which Class Members are distributed settlement payments based proportionally on each Class Member's respective weeks of service to Defendants during the relevant period, the settlement proposal treats Class Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D). In addition, FLSA Collective Action Members will receive additional compensation as available under the FLSA. *See* 29 U.S.C. § 216(b).

As to both the Rule 23 Settlement Class and the FLSA Collective, this is not a "claims-made" settlement. All Class Members will receive a settlement check. *See* Fed. R. Civ. P. 23(e)(2)(D). **No Class Member has objected to the settlement, and no Class Member has requested exclusion from the Settlement Class.**

The proposed Settlement also provides for service awards to Representative Plaintiffs in recognition of their assistance to Class Counsel and their contribution to achieving the Settlement on behalf of all Class Members. In addition, Class Counsel will receive attorneys' fees and reimbursed litigation costs; after reductions for litigation expenses, the attorney fee recovery will equal 33.33% of the settlement fund. As provided in the Settlement Agreement,

attorneys' fees and costs to Class Counsel will not be paid by Defendants until after the final approval order is issued by the Court, contemporaneously along with the settlement payments to Plaintiffs and all other Class Members. (*See* ECF #73-1 at 1706-09, ¶¶ 10-12.)

## III.    PRELIMINARY APPROVAL OF THE CLASS/COLLECTIVE SETTLEMENT

On July 12, 2023, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and supporting exhibits. (ECF ##73, 73-1, 73-2, 73-3, 73-4.) On July 14, 2023, the Court entered the Preliminary Approval Order, (i) preliminarily approving the settlement; (ii) approving the class Notice form and protocols; and (iii) scheduling a fairness hearing for November 14, 2023. (*See* ECF #74.)

## IV.    THE COURT-APPROVED NOTICE PROCESS

Per the Settlement Agreement and Preliminary Approval Order, Settlement Administrator SSI performed address updates and mailed the Notice forms to 208 unique[2] putative class/collective members. (*See* Ex. 2, Declaration of Robert Hyte [of Settlement Class Administrator Settlement Services, Inc.] re: Notice Mailing ("SSI Decl.") at ¶¶ 3-8.) Various Notice forms were re-mailed pursuant to the Court-approved protocols. (*See id.* at ¶¶ 6-8.)

---

[2] As provided in Exhibit 2, SSI Decl. at ¶ 3, "[on] July 19, 2023, Class Counsel provided SSI with one (1) spreadsheet (the "Class List") that included the Employee Number, Name, Department Number, Department Description, Position, Employee Status, Exempt Status, Address, Email, Hire Date, Previous Termination Date, Rehire Date and Termination Date for two hundred thirty-four (234) Class/Collective Members. Class Counsel instructed SSI to remove one individual from the list because they had previously excluded themselves. On July 20, 2023, Class Counsel provided SSI with one (1) additional spreadsheet (the "Opt-In List") that identified the forty-eight (48) previous Opt-Ins. The Opt-In List identified three (3) opt-ins prior to August 23, 2021. On July 21, 2023, Defense Counsel provided SSI with one (1) spreadsheet (the "Class List with SSNs") that included the Employee Number, Name, SSN, Department Number, Department Description, Position, Employee Status, Exempt Status, Address, Email, Hire Date, Previous Termination Date, Rehire Date and Termination Date for two hundred thirty-four (234) Class/Collective Members. SSI reviewed the spreadsheets and identified two hundred eight (208) unique Class/Collective Members with a calculated award."

Class Members had until October 17, 2023 to object to or seek exclusion from the settlement. (*See* SSI Decl. at ¶ 9-10; *see also* ECF #73-1, Settlement Agreement at PageID ##1705-06, ¶¶ 8-9.) **No Class Member has objected to the settlement, and no Class Member has requested exclusion.**[3]

## V.    ARGUMENT

This settlement covers the two (2) Named Plaintiffs and 206 other (208 total) current and former non-exempt hourly employees of Defendants, who claim that, as a result of Defendants' alleged unlawful overtime calculation and payment practices and/or policies, they are owed overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 207, and O.R.C. §§ 4111.03, 4111.10. (*See generally* ECF #28, Am. Compl.; *see also* ECF #73-1, Settlement Agreement at PageID ##1699-1700.) The settlement resolves wage-and-hour claims of Named Plaintiffs, FLSA Collective Action Members, and Rule 23 Class Members as provided in the Settlement Agreement. (*Id.* (defining "Covered Class/Collective Members").)

### A.    Settlement of the FLSA Claims

As to the FLSA claims governed by 29 U.S.C. § 216(b), the Court previously found that "[t]here is a 'bona fide dispute between the parties as to the employer's liability under the FLSA' and the Settlement Agreement 'is fair, reasonable, and adequate.'" (ECF #74 at ¶ 9 (citing *Jackson v. Trubridge, Inc*., No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017) (additional citations omitted). The Court accordingly found in its Preliminary Approval Order that the "proposed Settlement satisfies the standard for approval of a

---

[3] As noted above, one (1) potential class member requested exclusion at the time of contested class certification. (*See* ECF #50-1.) As a prior opt-out, this individual did not receive notice as, by definition, this individual was not a "Rule 23 Class Member."

7

class/collective action settlement under 29 U.S.C. § 216(b) and O.R.C. § 4111.01 *et seq*." (ECF #74 at ¶ 9.)

**B.**     **Settlement of the State Law Claims**

As to the state law Rule 23 claims, the parties' Preliminary Approval Motion made the required showing under Fed. R. Civ. P. 23. Based on that showing, the Court ruled that it "**PRELIMINARILY APPROVED**" the settlement of this action under Fed. R. Civ. P. 23 "because it appears that, at the final approval stage, the court 'will likely be able to' approve the settlement under the criteria described in Civil Rule 23(e)(2) and certify the Settlement Class under the criteria described in Civil Rules 23(a) and 23(b)(3)." (ECF #74 at ¶ 14 (emphasis original) (citing *see* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii)).) The Court noted that Plaintiffs' counsel, who was previously appointed as Class Counsel on September 28, 2022, remains as class counsel (ECF #74 at ¶ 18 (citations omitted)), and approved the proposed "Notice of Class Action Settlement" form and ordered that it "shall be sent to the '*Rule 23 Class Members'* as defined in the Settlement Agreement, pursuant to such protocols." (*Id.* at ¶ 15.)

Thus, the Court's convening of the Fairness Hearing on November 14, 2023 will complete the notice-and-hearing process prescribed by Rule 23(e). *See* Fed. R. Civ. P. 23(e)(1-2) (a class settlement may be approved only after notice and hearing, and upon finding that it is "fair, reasonable, and adequate"); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litigation,* N.D.Ohio No. 1:08-WP-65000 (MDL 2001), 2016 U.S. Dist. LEXIS 130467, at *24-28 (Sep. 23, 2016) (granting final approval of a class settlement under Rule 23(e)).

**C.**     **The Results of the Notice Process Favor Approval**

The results of the notice process are reported in the attached declaration from Settlement Class Administrator Settlement Services, Inc., attached as Exhibit 2 and incorporated by

reference herein. Mr. Robert Hyte is Director of Operations at Settlement Services, Inc., the firm

retained as Settlement Administrator. (Ex. 2, SSI Decl. ¶¶ 1-2.) Mr. Hyte explains that "SSI is

serving in this Action … as the Administrator for the purposes of administering the

Class/Collective Action Settlement and Release Agreement, preliminarily approved in the

Court's Order dated July 14, 2023." (*Id.* at ¶ 2.) Mr. Hyte submits "this Declaration in order to

provide the Court and the Parties to this Action with information regarding the dissemination of

the Notice of Class Action Settlement ('Notice'), processed in accordance with the Court's

Order." (*Id.*)

Pursuant to the Settlement Agreement and the Court's Order, Mr. Hyte states that "[o]n

August 18, 2023 (the 'Notice Date'), SSI mailed the Notice by first-class mail, postage prepaid,

from Tallahassee, Florida, to the two hundred eight (208) Class/Collective Members on the Class

List." (*Id.* at ¶ 5.) So as to ensure that notices were sent to putative Class Members at the most

updated and accurate address available, Mr. Hyte reports that:

> **NCOA.** In order to obtain the most current mailing address for Class/Collective
> Members, SSI processed the Class List addresses through the National Change of
> Address ("NCOA") database maintained by the United States Postal Service
> ("USPS"). This process updates addresses for individuals who have moved within
> the last four years and who filed a change of address card with the USPS.
>
> ***
>
> **Undeliverable Mail**. As of this date, a total of thirty-two (32) original Notices have
> been returned to SSI by the USPS as undeliverable without forwarding address
> information.  SSI conducted a locator trace for each individual with a returned
> Notice Packet prior to the postmark deadline, and possible new addresses were
> obtained for twenty-one (21) of them.  SSI re-mailed Notices to these possible new
> addresses.  We were unable to locate an updated address for eleven (11) of the
> returned undeliverable Notices.  In addition, two (2) Notices that we mailed to trace
> addresses, have been returned undeliverable.
>
> **Remail by Request**.  There were three (3) Notices re-mailed on the request of either
> Class Counsel or the Class/Collective Member.…. **Remail to PO Forward.** There
> were no (0) Notices re-mailed to PO forwarding addresses provided by the USPS.

9

(*Id.* at ¶¶ 4, 6-8.) Mr. Hyte further reports "[t]he deadline for Class Members to exclude themselves from the Class was a postmark deadline of October 17, 2023. As of the date of this declaration, SSI has received no (0) requests for exclusion, timely or otherwise." (*Id.* at ¶ 9.) In addition, "[t]he deadline for Class Members to object to the Settlement was a postmark deadline of October 17, 2023. As of the date of this declaration, SSI has received no (0) objections, timely or otherwise." (*Id.* at ¶ 10.)

The fact that no Class Members have objected to the settlement unequivocally shows that the affected individuals support the settlement and want it to be approved.

### D.    The Requested Attorney Fee and Litigation Costs Reimbursement Should be Approved

Plaintiffs respectfully request approval of the attorneys' fees award and litigation costs reimbursement as provided in the Settlement Agreement in the total amount of $260,225.94. (ECF #73-1, Settlement Agreement at PageID #1707-8, ¶ 11.) After deduction for litigation costs, Plaintiffs' attorneys' fees award of $250,000.00, or 33.33% of the common settlement fund, is the one-third percentage of the fund award typically ordered in complex wage and hour cases. The value of the benefit rendered to the class eminently favors approval of the requested award. Sixth Circuit authority unequivocally favors approval. The requested attorney fee award and costs reimbursement should be approved for all of the following reasons.

The Sixth Circuit has approved the percentage-of-the-fund method to determine a reasonable attorney's fee. *See Rawlings v. Prudential–Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993); *Harsh v. Kalida Mfg.,* No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at *19-21 (N.D. Ohio Sep. 13, 2021); *Barnes v. Winking Lizard, Inc.,* N.D.Ohio No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *12-13 (Mar. 26, 2019). "Courts readily approve the percentage-of-

the-fund method when a plaintiff obtains an exceptional result and avoids extended litigation time and costs." *Osman v. Grube, Inc.,* No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *6-7 (N.D. Ohio May 4, 2018) (citing *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09–CV–1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989, at *7 (N.D. Ohio June 15, 2010) (approving one-third of the common fund as attorneys' fees) (additional citations omitted)). "In this district, 'the preferred method is to award a reasonable percent-age of the fund, with reference to the lodestar and the resulting multiplier.'" *Swigart v. Fifth Third Bank*, S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at *14-15 (July 11, 2014) (citing *Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08–CV–1119, 2011 WL 292008, at *13 (S.D.Ohio Jan.26, 2011)); *Lonardo v. Travelers Indemnity Co*., 706 F. Supp. 2d 766, 790 (N.D. Ohio 2010) (percentage-of-fund is the "preferred method"). Another court within this district has noted that "[t]he percentage of the common fund method has the advantage of establishing reasonable expectations on the part of class counsel 'as to their expected recovery,' and encourag[es] early settlement before substantial fees and expenses have accumulated." *Dillworth v. Case Farms Processing, Inc*., N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *19 (Mar. 8, 2010).

### 1.    The *Ramey* Six-Factor Test Supports the Reasonableness of the Fee Award

Under the percentage-of-fund method, courts consider the six "*Ramey* Factors." *See Barnes*, 2019 U.S. Dist. LEXIS 65657, at *13-17 (citing and applying *Ramey v. Cincinnati Enquirer, Inc*., 508 F.2d 1188, 1196 (6th Cir. 1974)). In determining the reasonableness of the fee award, a court considers the following factors: (1) the value of the benefit rendered to the class (*i.e.*, the results achieved); (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on

a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the

litigation; and (6) the professional skill and standing of counsel involved on both sides. *Ramey*,

508 F.2d at 1196 (citations omitted). As discussed below, each *Ramey* Factor favors approval of

the requested award.

> **_Ramey Factor 1 – the Value of the Benefits Rendered to the Class_**: The recovery for the
class here is exemplary. The parties deeply disputed the average or approximate number of
minutes Defendants' employees worked off the clock. From Plaintiffs' perspective, employees
would generally clock in early and begin performing compensable work, and their hours would
be either rounded or edited against them resulting in non-payment of compensable time worked.
Conversely, from Defendants' perspective, employees generally performed no job duties and
engaged in no compensable, non-*de minimis* activities prior to their shift starting times.

That said, the efforts of Class Counsel resulted in an excellent result for Class Members.
Settlement payments to Class Members – after deduction of attorneys' fees and expenses –
represent an approximate additional 21.41 minutes of pay per day worked over the class period
based on a 5-day workweek (during the entire period based on each settlement participant's
period of recovery). Class Members will receive approximately 178% of their alleged wage
damages were they to have worked an additional 12 minutes per day off the clock, or 143% of
their alleged wage damages were they to have worked an additional 15 minutes per day off the
clock. As to the Settlement Class, such allocations are "well above the 7 % to 11 % average
result achieved for class members."[4] *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *20 (citing *see*

---

[4] As noted in the Preliminary Approval Motion (ECF #73 at PageID ##1681-82), the recovery
for the covered employees is significantly greater than the payments equating to several minute
payouts in other Ohio lawsuits in which other workers sought payment for pre- and/or post-shift
activities. For example, in *Kritzer*, the court approved a settlement in which employees'

12

Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III:
*What Explains Settlements in Shareholder Class Actions?* (National Economic Research Assocs.
(NERA) June 1995)). As such, the settlement "provides relatively early relief to class members,
and it eliminates the additional risks the parties would otherwise bear if this litigation were to
continue." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *14.

> **_Ramey Factor 2 – Society's Interest in Rewarding the Attorneys_:** This factor favors
approval because "society has a stake in rewarding the efforts of the attorneys who bring wage
and hour cases, as these are frequently complex matters." *Gentrup v. Renovo Servs., LLC*, 2011
U.S. Dist. LEXIS 67887, *14 (S.D. Ohio, June 24, 2011); *accord Barnes*, 2019 U.S. Dist. LEXIS
65657, at *14-15. Although the average recovery of $2,138.34 is a substantial amount, it likely
would not make sense to file a lawsuit for such amounts.[5] Only through the class action devise,
as utilized by competent counsel, will the employees' rights to unpaid overtime be vindicated. It
is in society's interest that employees be lawfully and properly compensated for their work time.

> **_Ramey Factors 3-4 – Value of the Services Rendered, and Contingent Fee Basis:_** The
legal services provided in this case were undertaken on a contingency fee basis whereby
Plaintiffs as class representatives agreed to compensate counsel in the amount of 33 1/3% of the
total amounts recovered – an amount commonly approved in wage and hour class/collective
actions across the Sixth Circuit as reasonable. The contingent nature of the fee agreement meant

---

payments equated to 4 minutes of unpaid wages per day. *See Kritzer v. Safelite Sols., LLC,* No.
2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *7 (S.D. Ohio May 30, 2012). Similarly, in
*Rotuna*, the court approved an "exceptional" settlement recovery in which class members
recovered 25% of the damages they would have recovered by proving 8 minutes of unpaid wages
per day, or 75% of their damages by proving 5 minutes of unpaid work each day. *Rotuna*, 2010
U.S. Dist. LEXIS 58912, at *21.
[5] By way of example, the civil matter filing fee for the N.D. Ohio is currently $402.00. *See*
https://www.ohnd.uscourts.gov/fee-schedule (last accessed Nov. 2, 2023).

that counsel bore the risk of receiving no fee if the case was not successful and strongly supports that the requested award is reasonable – as in any wage and hour matter, there is a real potential that Defendants could win outright and leave Plaintiffs and the class with no recovery. Moreover, as further explained below, the value of the services rendered on an hourly basis (as of November 2, 2023, the date Class Counsel's Declaration was drafted) is $314,290.00, a lodestar multiplier of 0.8, which will be further reduced (*see* Section *V, D, 2, b* below) after the addition of additional hours counsel collectively has and will spend preparing, reviewing changes by defense counsel, and finalizing the briefing of this motion and memorandum, declaration and related exhibits, preparing for and participating in the Fairness Hearing, and any other work completed since November 2, 2023 and through the conclusion of this matter, including relating to finalizing this case and overseeing administration of the settlement. This negative multiplier is well within the range of similar cases approved within the Sixth Circuit, and also favors approval. *Swigart,* 2014 U.S. Dist. LEXIS 94450, at *17-18 (approving requested fee of $1,320,000 where cumulative lodestar amounted to $512,885, or a 2.57 multiplier "which is consistent with other risk multipliers approved in complex class actions in this Circuit") (citing *see, e.g., Lowther v. AK Steel Corp.,* S.D.Ohio No. 1:11-cv-877, 2012 U.S. Dist. LEXIS 181476, 2012 WL 6676131, at *5-6 (Dec. 21, 2012) (awarding $1,275,000 in fees with a lodestar cross-check of $416,669.48 (3.06 multiplier)).

    *Ramey Factor 5 – Complexity of the Litigation***:** Fifth, "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart,* 2014 U.S. Dist. LEXIS 94450, at *18 (citing *see Beckman v. KeyBank, N.A*., 293 F.R.D. 467, 478-479 (S.D.N.Y.2013)). As observed in *Barnes,* 2019 U.S. Dist. LEXIS 65657, at *16-17:

This is particularly true [] where Plaintiffs alleged overtime claims under the FLSA, and under the state laws of Ohio. Resolving the procedural issues, the merits, and damages would have been risky, costly, and time consuming. Accordingly, the litigation was difficult and complex, and this factor weighs in favor of awarding the requested fees.

The case here was likewise complex, not only for the sheer amount of information required to be analyzed and processed in this class action, but because of the complexity of the calculations needed to be performed. As summarized in *Section V, D, 2, b* below, the tasks required of Class Counsel in this case were substantial, requiring, as of November 2, 2023, a collective 758.9 hours of attorney time by Class Counsel in this matter that has spanned over three (3) years. Ultimately, Class Counsel's comprehensive investigation included an analysis of the wage-and-hour information and other data and documents comprising of over 5,400,000 data points from the records produced by Defendants which permitted the parties to compute a calculation of the unpaid overtime for the Named Plaintiffs, FLSA collective members, and members of  the Rule 23 Class. The comprehensive discovery, detailed class certification briefing, intricate analyses, and other litigation requirements were difficult and time-consuming, but ultimately proved instrumental to the negotiation of the proposed Settlement.

**_Ramey_ Factor 6 – Professional Skill and Standing of Counsel**: Last, Class Counsel is highly experienced in wage and hour class and collective actions. (*See* ECF #73-4, Decl. of Counsel for Preliminary Approval at ¶¶ 6-13.) The professional standing and skill of the attorneys on both sides meets a high standard, and the competency and efficient handling of this matter reflects the exemplary recovery provided to Class Members. *See, e.g., McKnight v. Erico Internatl. Corp.,* N.D.Ohio No. 1:21-cv-01826, 2023 U.S. Dist. LEXIS 25981, at \*19 (Feb. 8, 2023) ("the three Scott & Winters' attorneys—Ryan A. Winters, Joseph S. Scott, and Kevin McDermott, II—have 'extensive experience in complex civil wage litigation,' including Rule 23

15

class actions") (citation omitted); *Wright v. Premier Courier, Inc.*, S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *18-19 (Aug. 17, 2018) (approving one-third attorney fee award and noting "the hours expended and time records submitted by Class Counsel [including Scott & Winters] further underscore their competency and efficient handling of this matter, favoring approval."); *Macaluso v. Zirtual Startups, LLC*, S.D.Ohio No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243, at *19 (Aug. 17, 2021) ("In particular, Plaintiff's counsel [Scott & Winters] brings substantial collective experience in litigating claims under FLSA. [] Counsel zealously advocated for the Opt-In Plaintiffs' interests throughout the entirety of this litigation").

### 2. A Lodestar Cross-Check Supports the Reasonableness of the Requested Fee

*Rawlings,* 9 F.3d at 517, held that "use of either the lodestar or percentage of the fund method of calculating attorney's fees is appropriate in common fund cases" and "the determination of which method is appropriate in any given case will depend upon its circumstances." *Accord Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir.2016). The court has discretion to select one method over the other, or to use them in combination. *See, e.g., Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir.1996) ("the district court based its fee award on a percentage of the common fund and then cross-checked the fee against class counsel's lodestar"). However, a "cross-check of the attorney-fee request using Class Counsel's lodestar is optional…" *Feiertag v. DDP Holdings, LLC*, S.D.Ohio No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *21 (Sep. 9, 2016).

When applying a lodestar cross-check of a percentage-of-the-fund attorney fee award, the award is reasonable when it amounts to a multiplier of approximately 2.5. *See Castillo v. Morales, Inc.,* S.D.Ohio No. 2:12-CV-650, 2015 U.S. Dist. LEXIS 192936, at *22-23 (Dec. 22, 2015) ("Class Counsel's cumulative lodestar of $263,479.00, compared to its requested fee of

$660,000.00, yields a lodestar multiplier of approximately 2.5. This is typical of lodestar multipliers in similar cases."). *Swigart,* 2014 U.S. Dist. LEXIS 94450, at *18 (approving multiplier of 2.57 in a FLSA case); *Feiertag,* 2016 U.S. Dist. LEXIS 122297, at *20-21 (citing *Johnson v. Midwest Logistics Sys., Ltd*., No. 2:11-cv-1061, 2013 U.S. Dist. LEXIS 74201, 2013 WL 2295880, at *6 (S.D. Ohio May 24, 2013) (additional citations omitted)); *Ganci v. MBF Insp. Servs*., S.D.Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *18 (Dec. 3, 2019) ("Given that courts frequently approve attorney's fee awards equaling two to three times the lodestar amount, the fees sought by Class Counsel in this case are well within the reasonable range.") (citing *see Dillow v. Home Care Network, Inc*., No. 2:16-cv-612, 2018 U.S. Dist. LEXIS 170579, at *17-18, 2018 WL 4776977, at *7 (S.D. Ohio Oct. 3, 2018) (approving fee award that was "approximately 2.9 times the lodestar" and noting that the multiplier "is well within the acceptable range of multipliers" for a wage and hour action); *Lowther*, 2012 U.S. Dist. LEXIS 181476, at *17-18, 2012 WL 6676131, at *5 (S.D. Ohio Dec. 21, 2012) (approving a "very acceptable" 3.06 multiplier and citing cases finding multipliers ranging from 4.3 to 8.74 to be reasonable) (additional citations omitted)).

### a.    Class Counsel's Hourly Rates are Reasonable

Under the lodestar method, for purposes of determining a reasonable attorneys' fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Generally, the "prevailing market rate [is] defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004) (citing *Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343, 350 (6th Cir.2000); *Osman*, 2018 U.S. Dist. LEXIS 78222, at *8. Class

17

Counsel Joseph F. Scott, Ryan A. Winters, and Kevin M. McDermott II each have extensive experience in complex civil wage litigation, including Fed. R. Civ. P. 23 class actions, 29 U.S.C. § 216(b) collective actions, and individual wage and hour actions. (*See* ECF #73-4, Decl. of Counsel for Preliminary Approval at ¶¶ 6-13.) The applicable hourly rates for Class Counsel in this complex class/collective wage and hour matter are $500, $425, and $400, respectively.

Very recently, Class Counsel Scott & Winters's attorneys' same requested hourly rates were found as reasonable in other N.D. Ohio Federal District Court matters. For example, in *Reagh v. Giesen Mgt. Assocs., LLC,* N.D.Ohio No. 5:22-cv-266, 2023 U.S. Dist. LEXIS 184121, at *5-6 (Oct. 13, 2023) another court in this District and Division approved Class Counsel's requested $500, $425, and $400 hourly rates, noting that  "the hourly rates charged are reasonable for experienced attorneys in this district." (Citing *see McKnight*, 2023 WL 2003276, at *13-14  ("finding hourly rates of $500, $425, and $400 for the same attorneys [Scott, Winters, and McDermott] and the same firm [Scott & Winters]  to be reasonable…"); *White v. Stark Cty. Veterans Serv. Comm*., N.D.Ohio No. 5:22-cv-1493, 2023 U.S. Dist. LEXIS 193634, at *9-10 (Oct. 30, 2023) (approving $500, $425, and $400 hourly rates for Scott, Winters, and McDermott, respectively); *see also Gunter v. Diamond Technical Services, Inc*., No. 2:20-cv-01428, ECF #43 (W.D. Penn. May 6, 2022) ("[t]he Court [] finds that Class Counsel's attorney hours and hourly rates are reasonable," approving Scott's rate of $550; Winters' rate of $425; and McDermott's rate of $385 as requested in *Gunter* decl. of class counsel Scott & Winters, ECF #41-3 at 5, ¶ 9); *accord Foster v. Residential Programs*, S.D.Ohio No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *13 (Feb. 18, 2021) (approving hourly rates in wage and hour litigation ranging from $350 to $500); *Waters v. To You*, S.D.Ohio No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084, at *13-14 (Aug. 1, 2022) (approving $600 to $350 hourly rates in wage and

hour case); *Perry v. Beard*, S.D.Ohio No. 3:17-cv-161, 2021 U.S. Dist. LEXIS 13717, at *12

(Jan. 23, 2021) (noting that "[c]ourts within the Sixth Circuit have found hourly rates ranging

from $300 to $450 to be reasonable for work on FLSA actions…") (citing *see also Berry v. Fun*

*Time Pool & Spa, Inc*., No. 2:20-cv-1610, 2020 U.S. Dist. LEXIS 148836, 2020 WL 4784654, at

*2 (S.D. Ohio Aug. 18, 2020) ($445); *Rangel v. Paramount Heating & Air Conditioning, LLC*,

No. 2:17-cv-473, 2020 U.S. Dist. LEXIS 39157, 2020 WL 1080418, at *2 (S.D. Ohio Mar. 6,

2020) ($350); *Pineda v. Pit Columbus, LLC*, No. 2:17-cv-668, 2017 U.S. Dist. LEXIS 195288,

2017 WL 5900559, at *4 (S.D. Ohio Nov. 28, 2017) ($450) (additional citations omitted)); *Clark*

*v. Pizza Baker, Inc.,* No. 2:18-cv-157, 2022 U.S. Dist. LEXIS 198354, at *20-21 (S.D. Ohio Oct.

31, 2022) ($600); *Estate of McConnell v. EUBA Corp*., No. 3:18-cv-00355, 2021 U.S. Dist.

LEXIS 92836, at *19 (S.D. Ohio May 17, 2021) ($600 - $350); *Gresky v. Checker Notions Co*.,

No. 3:21-cv-01203, 2022 U.S. Dist. LEXIS 154506, at *21-29 (N.D. Ohio Aug. 26, 2022) (N.D.

Ohio wage and hour matter approving as reasonable a $400 rate for attorney who was admitted

and started practicing wage and hour law in November, 2013 (similar to Attorney McDermott),

as well as a $450 rate for attorney who was admitted to practice in 2009 (similar to Attorney

Winters (admitted 2010), whose current rate is $425)).

**b.** **Class Counsel's Hours Expended are Reasonable**

As of November 2, 2023, Class Counsel had a collective 758.9 hours in this case – a fee

lodestar of $314,290.00 based on the above rates. Specifically, Joseph F. Scott had 77.6 hours at

$500 per hour; Ryan A. Winters had 118.8 hours at $425 per hour; and Kevin M. McDermott II

had 562.5 hours at $400 per hour. (Ex. 4, Decl. of Class Counsel at ¶ 16.) Class Counsel's

multiplier as of November 2, 2023 was 0.8 ($314,290.00 lodestar fee / $250,000.00 fee award),

substantially less than the 2.5+ multipliers routinely approved in similar wage and hour cases referenced above that were found as reasonable. (*See id.* at ¶¶ 16-17.)

The tasks required of Class Counsel in this case were of no small undertaking. Class Counsel's efforts included pre-litigation investigation of Named Plaintiffs,' Opt-In Plaintiffs,' and other Class Members' claims; preparation of the original Complaint; negotiation and submission of the parties' Rule 26(f) report; and investigation of current and former employees of Defendants and putative Class Members. (*Id.* at ¶ 13.) Formal, comprehensive pre-certification discovery including all-encompassing written discovery (including propounding requests for documents and requests for interrogatories on Defendant Aviva Metals, Inc., and responding to requests for documents, and requests for interrogatories of Named Plaintiffs), depositions of Representative Plaintiffs, and individual Defendant Joao C.F. Saraiva, as well as third party discovery of Defendants' payroll processor Paycom Payroll LLC ("Paycom"). (*Id.*)

On July 6, 2021, Plaintiffs filed their *Motion For Leave To File First Amended Class and Collective Action Complaint Instanter* (ECF #18), which was granted by the Court on August 16, 2021 (ECF #25). (*See* Ex. 4 at ¶ 14.) Class Counsel expended hundreds of hours related to preparing the certification motion, reply, and related exhibits that detailed many thousands of alleged payroll violations based on Defendants' document production, deposition testimony, and interrogatory responses, Named Plaintiffs' testimony and written discovery production, and Paycom's payroll and timekeeping subpoena responses in the form of documents and data production. (*Id.*) On August 23, 2021, Plaintiffs filed their *Motion for Fed. R. Civ. P. 23 Class Certification, Conditional Certification Pursuant to 29 U.S.C. § 216(b), Appointment of Class Counsel, and Issuance of Notice to Putative Class/ Collective Action Members.* (ECF #27, the "Class Certification Motion.") The Class Certification Motion moved for class certification of

20

two state law Fed. R. Civ. P. 23 subclasses – the *Rule 23 Time Editing Class* and the *Rule 23 Time Rounding Class* – as well as conditional certification pursuant to 29 U.S.C. § 216(b) of two federal law subclasses – the *FLSA Time Editing Class* and the *FLSA Time Rounding Class*. Along with the Class Certification Motion, Class Counsel created and attached Appendix A (ECF #27-1), a spreadsheet containing approximately 3,000 examples demonstrating the alleged time manipulation policies at the core of this litigation. The Court granted Plaintiffs' Class Certification Motion in substance on September 28, 2022. (ECF #44.)

Prior to the initial mediation before mediator Michael Ungar on November 22, 2021, Defendants and Paycom (*via* subpoena) produced Microsoft Excel compatible spreadsheets containing payroll data comprised of millions of data points for Defendants' hourly manufacturing workers comprising of the Settlement Class. (Ex. 4 at ¶ 15.)  Class Counsel electronically transcribed all relevant provided data into an electronic, aggregate computable format. (*Id*.) Class Counsel's comprehensive analysis and final computations permitted a calculation of the unpaid wages for the Plaintiffs and all other members of the proposed settlement class. (*Id*.) In advance of both of the mediations, Plaintiffs provided a comprehensive mediation position statement, which were both provided to defense counsel and the mediator. (*Id*.) Class Counsel's comprehensive investigation included an analysis of the wage-and-hour information and other data and documents comprising of millions of data points from the records produced by Defendants which permitted the parties to compute a calculation of the alleged unpaid overtime for the Named Plaintiffs, FLSA Collective members, and putative Rule 23 Class Members. (*Id*.) Based on the size of the data set, the analyses were difficult and incredibly time-consuming, but proved instrumental to the negotiation of the proposed Settlement. (*Id*.)

Moreover, Class Counsel's lodestar has not been adjusted to account for the time Class Counsel will expend fulfilling the obligations in the Settlement Agreement, monitoring the administration of the Settlement, continuing to respond to questions and inquiries from FLSA Collective action members, Named Plaintiffs, the hourly employees of Defendants who comprise of the Settlement Class, and continuing representation of Plaintiffs and Class Members through the conclusion of this matter and disbursement of settlement proceeds. (*Id.* at ¶ 18.) Class Counsel have extensive experience in these matters, and are well familiar with the many additional tasks that Counsel will dutifully complete through this matter's conclusion. (*Id*.) The timeline for settlement administration established by the parties' agreement will require the settlement administration to last a minimum of six months after the final approval order is entered. Based upon prior settlements of similar size, Counsel anticipates expending on average an additional half (.5) to four (4) hours each month for several months in settlement administration after the date the final approval order is entered. (*Id*.) Once final approval is entered, and settlement checks are sent to all Class Members, Class Counsel will almost certainly receive many telephone calls, text messages and emails from Class Members regarding the case. (*Id*.)  Class participants routinely contact Counsel for questions regarding the exact nature of the litigation, the effect of settlement, the precise calculation methodology for their individual awards, and the anticipated timeline for receiving a payment, even after the entering of final approval. (*Id*.; *see generally* ECF #73-1, Settlement Agreement.) Moreover, with a total class number of this size, there will inevitably be uncashed checks. (Ex. 4, Decl. of Class Counsel at ¶ 18.) The demands on Class Counsel in completing its obligations as Class Counsel, as well as overseeing administration of a settlement of this size, is of no small undertaking. (*Id*.)

Class Counsel's lodestar also does not include the approximately 20-30 additional hours counsel collectively has and will spend preparing, reviewing changes by defense counsel, and finalizing the briefing of this motion and related exhibits up to and until the filing of this motion (between November 2, 2023 (Class Counsel's declaration date) and the date of this filing), preparing for and participating in the Fairness Hearing, and any other work completed since November 2, 2023 to the date the final approval order is entered. (*Id.* at ¶ 19.) Class Counsel therefore expect that the total attorney hours expended at the final conclusion of this matter, more than six (6) months from the drafting of Class Counsel's declaration, will be approximately 781.9 - 812.9 total lodestar hours, a lodestar amount (based upon an average rate of $441.67) of $345,339.17 - $359,030.83, or a lodestar multiplier of 0.72 – 0.70. (*Id.*)

At a combined current fee lodestar of $314,290.00, the requested attorney fee of $250,000.00 results in a "negative multiplier" if the Court approves the requested settlement payment as to attorneys' fees. (*See* Ex. 4 at ¶ 20.) Such a negative multiplier supports that the fee sought is reasonable, *see, e.g, Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (Apr. 30, 2018) (citing *see Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325, at *18 (W.D. Ky. Oct. 13, 2016)), and given that Class Counsel's current and projected final lodestar is on the very low-end of the acceptable range, a lodestar cross-check of the attorneys' fees to be paid to Class Counsel eminently supports the reasonableness of the fee request. *See, e.g., Waters*, 2022 U.S. Dist. LEXIS 139084, at *13 (approving 3.79 multiplier in FLSA case) (citing *Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *19 (S.D. Ohio Nov. 5, 2020) (approving a multiplier of 5.29)); *Swigart*, 2014 U.S. Dist. LEXIS 94450, at *17-18 (approving 2.57 multiplier); *Dillow*, 2018 U.S. Dist. LEXIS 170579, at *17-18 (approving 2.9 multiplier);

23

*Lowther*, 2012 U.S. Dist. LEXIS 181476, at *17-18 (approving 3.06 multiplier and noting ranges from 4.3 to 8.74 have been found to be reasonable); *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *18 ("courts frequently approve attorney's fee awards equaling two to three times the lodestar amount...").

> **c.  The Costs Expended by Class Counsel were Both Reasonable and Necessary**

Class Counsel also maintain records regarding costs expended on each case. (Ex. 4, Decl. of Class Counsel at ¶ 12.) Class Counsel has incurred, and will incur through administration of this matter, reimbursable out-of-pocket expenses in this case in the amount of $10,225.94. (*Id.* at ¶ 21.)  These costs and expenses consist of the case filing fee, service of the complaint, postage/commercial carrier shipping costs, printing costs for depositions, administration costs related to class certification notice to class/collective members, mediator fees (for two (2) mediations before Michael Ungar), court reporter deposition attendance costs, and deposition transcription costs, in the total amount of $10,225.94. (*Id.*) In addition, the settlement includes a payment to settlement administrator SSI for costs of administration in the amount of $25,000.00. (ECF #73-1, Settlement Agreement at PageID #1709, ¶ 13.) These expenses constitute costs that were reasonably necessary to prosecute and finalize the action and administrate the settlement.

## VI.   CONCLUSION

For the reasons addressed herein and in the Preliminary Approval Motion, the parties respectfully ask the Court to approve this Settlement and enter the Proposed Final Order and Judgment attached as Exhibit 1, which incorporates the Final Class Member List attached as Exhibit 3.

Respectfully Submitted,

s/ Ryan A. Winters                              s/ Jessica L. MacKeigan (via email consent)
Joseph F. Scott (0029780)                       Mark S. Fusco (Reg. No. 0040604)
Ryan A. Winters (0086917)                           Direct Dial: 216-619-7839
**SCOTT & WINTERS LAW FIRM, LLC**                    Email: mfusco@walterhav.com
P: (216) 912-2221    F: (440) 846-1625          Jessica L. MacKeigan (Reg. No. 0087121)
50 Public Square, Suite 1900                        Direct Dial: 216-928-2928
Cleveland, OH 44113                                  Email: jmackeigan@walterhav.com
jscott@ohiowagelawyers.com                      P: 216-619-7839
rwinters@ohiowagelawyers.com                    **WALTER | HAVERFIELD LLP**
                                                The Tower at Erieview
Kevin M. McDermott II (0090455)                 1301 E. Ninth Street, Suite 3500
**SCOTT & WINTERS LAW FIRM, LLC**               Cleveland, Ohio 44114
P: (216) 912-2221    F: (440) 846-1625          Phone: 216-781-1212/Fax: 216-575-0911
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136                         *Attorneys for Defendants*
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs and Class Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.

s/ Ryan A. Winters                              
Ryan A. Winters (0086917)

25

## CERTIFICATE OF COMPLIANCE WITH PAGE LIMITATION REQUIREMENTS

I, undersigned filing counsel, state that this matter has been assigned to the standard track, and I hereby certify that the above Memorandum in Support complies with the Court's November 6, 2023 Order [non-document] allowing the brief filed herein to exceed the page limitations set forth in N.D. Ohio Local Rule 7.1(f). (*See also* ECF #75 (requesting not to exceed page limitation extension for memorandum in support of 26 total pages).)

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)