UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DONALD DORSEY, *et al.*, <br> *On behalf of themselves and all others similarly situated,* <br><br> Plaintiffs, <br><br> v. <br><br> AVIVA METALS, INC., *et al.,* <br><br> Defendants. | Case No. 1:20-cv-02014 <br><br> JUDGE BRIDGET M. BRENNAN |

### ORDER GRANTING JOINT MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF

**AND NOW**, upon consideration of Plaintiffs Donald Dorsey and Craig Murphy's, and Defendants Aviva Metals, Inc. and Joao C.F. Saraiva's, "Joint Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief" ("Motion") (Doc. No. 77), the "Class/Collective Action Settlement and Release Agreement" (Doc. No. 73-1, the "Settlement Agreement"), the "Joint Motion for Preliminary Approval of Class Action Settlement" (Doc. No. 73), the "Declaration of Robert Hyte [of Settlement Class Administrator Settlement Services, Inc.] re: Notice Mailing" (Doc. No. 77-2), all related filings, exhibits and declarations attached to the above and related filings (collectively referred to as the "Motion papers"), and the arguments and representations of counsel during the November 14, 2023 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1.  The Court **CERTIFIES A SETTLEMENT CLASS** comprised of all present and

former hourly nonexempt manufacturing employees of Aviva Metals, Inc. at Aviva Metals, Inc.'s 5311 West River Rd. N., Lorain, OH 44055 location during the period of September 8, 2018 until September 28, 2022, and who did not previously exclude themselves from this action. Based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the settlement class satisfies Fed. R. Civ. P. 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

2. Under the settlement, Defendants will pay a total of $750,000.00 plus any payroll taxes (such as, for example, worker's compensation insurance, unemployment insurance, or the employer's social security contributions) ordinarily borne by Defendant Aviva Metals, Inc. as an employer pursuant to normal payroll practices, to be distributed as follows: (i) $444,774.06 will be paid to the 208 Covered Class/Collective Members as provided for in the Settlement Agreement (Doc. No. 73-1) and Final Class Member List (Doc. No. 77-3 ); (ii) a $10,000 service award will be paid to each of the Named Plaintiffs Donald Dorsey and Craig Murphy (for a total of $20,000.00); (iii) a total of $260,225.94 (representing $250,000.00 in attorneys' fees (33.33% of the total settlement fund) and $10,225.94 in costs) will be paid to Class Counsel Scott & Winters Law Firm, LLC; and (iv) $25,000.00 will be paid to third-party settlement administrator Settlement Services, Inc. for administration of the settlement.

3. The Court **APPROVES** the payment of $444,774.06 to Covered Class/Collective Members as "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), because, based on the evidence and arguments presented in the Motion papers and during the fairness

hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favors approval.

4. The Court **APPROVES** the Rule 23 Class Members' release of the "Released Rule 23 Class Member Claims" as provided in the Settlement Agreement, (Doc. No. 73-1 at PageId ##1702, 1704 at ¶ 5), the FLSA Collective Action Members' release of the "Released FLSA Collective Action Member Claims," (*id.* at PageId ##1701-2, 1704 at ¶ 6), as well as the other terms of the Settlement Agreement because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the settlement "was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties." *Osman v. Grube, Inc.,* N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (May 4, 2018) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982), citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Filby v. Windsor Mold USA, Inc.*, 2015 U.S. Dist. LEXIS 30034, 2015 WL 1119732, at *3 (N.D. Ohio Mar. 11, 2015), quoting *Schneider v. Goodyear Tire & Rubber Co.*, 2014 U.S. Dist. LEXIS 78117, 2014 WL 2579637, at *2 (N.D. Ohio 2014); citing *see also Kritzer v. Safelite Sols., LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *16-18 (S.D. Ohio May 30, 2012)).

5. The Court **APPROVES** the payment of a $10,000.00 service award to each of the Named Plaintiffs Donald Dorsey and Craig Murphy (for a total of $20,000.00). A reasonable service award is "common in class action settlement and routinely approved for the simple reason 'to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *26 (citing *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09–CV–1608, 2010 U.S. Dist. LEXIS 58912, at *18, 2010 WL 2490989, at *7 (N.D. Ohio June 15, 2010), quoting *Cullen v. Whitman*

*Med.* Corp., 197 F.R.D. 136, 145 (E.D. Pa. 2000)) (internal quotations omitted)). Named Plaintiffs Donald Dorsey and Craig Murphy "spent a good deal of time and effort in this case," *In re Dun & Bradstreet Credit Servs. Customer Litigation*, 130 F.R.D. 366, 374 (S.D. Ohio 1990), by consulting with Class Counsel at critical stages, providing important and necessary documents and information throughout the course of the litigation, personally responding to comprehensive written discovery requests, personally sitting for depositions, and faithfully representing all Class Members' interests throughout the pendency of this matter. Named Plaintiffs and Class Counsel represent that Named Plaintiffs faithfully represented the interests of all Class Members and ably assisted Class Counsel. Moreover, these individuals took time away from their paying jobs and/or other obligations to attend depositions, and each provided testimony that further drove negotiation of the proposed settlement. The service awards are justified by each of the recipients' efforts on behalf of the class and are consistent with awards in other wage and hour class actions approved by courts within this district and division. *See, e.g., Hunter v. Booz Allen Hamilton Inc.,* No. 2:19-cv-00411, 2023 U.S. Dist. LEXIS 76859, at *31 (S.D. Ohio May 2, 2023) (approving $10,000 service awards to two named plaintiffs); *McGrothers v. GT Pizza, Inc.,* No. 2:20-cv-4050, 2022 U.S. Dist. LEXIS 228270, at *19-20 (S.D. Ohio Nov. 9, 2022) ($10,000 service award approved as "in line with what is typically awarded in these [wage and hour] cases." (citations omitted)); *Shanahan v. KeyBank, NA*, No. 1:19cv2477, 2021 U.S. Dist. LEXIS 50516, at *12-13 (N.D. Ohio Mar. 16, 2021) (approving $10,000 service awards to ten named and opt-in plaintiffs); *Salinas v. United States Xpress Ents., Inc.*, E.D.Tenn. No. 1:13-cv-00245-TRM-SKL, 2018 U.S. Dist. LEXIS 50800, at *26 (Mar. 8, 2018) (approving $10,000 service award to named plaintiff, along with $500 service awards for ten opt-in plaintiffs) (citing *Bredbenner v. Liberty Travel, Inc.,* D.N.J. Civil Action No. 09-905

(MF), 2011 U.S. Dist. LEXIS 38663, at *68 (Apr. 8, 2011) ($10,000 each for the 8 named plaintiffs); *Dewey v. Volkswagen of Am.*, 728 F.Supp.2d 546, 610 (D.N.J.2010) ($10,000); (additional citation omitted)); *see also* 5 Newberg and Rubenstein on Class Actions § 17:8 (6th ed.) (citing studies showing that "the average award per plaintiff ranged from $14,371 (in 2021 dollars) in one study to $24,517 (in 2021 dollars) in the other...").

6. The law firm of Scott & Winters Law Firm, LLC, who was previously appointed as Class Counsel on September 28, 2022, remains as class counsel. (*See* Doc. No. 74 at PageID #1759 (citing Doc. No. 44 at PageID 1533-34 ("Plaintiffs' counsel of record meets the requirements of Rule 23(g). Plaintiffs' motion for the appointment of class counsel is GRANTED").)

7. The Court **APPROVES** the total payment to class counsel in the amount of $260,225.94, representing $250,000.00 in attorney's fees and $10,225.94 in litigation expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the fee payment – which amounts to 33.33% of the total $750,000.00 settlement fund – falls within the range of fees awarded by courts within this district and division in other wage and hour class action settlements, *see Barnes v. Winking Lizard, Inc.,* 2019 U.S. Dist. LEXIS 65657, *13-17 (N.D. Ohio Mar. 26, 2019) (citing cases), and is supported by each of the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). In addition, the reimbursed litigation expenses and costs incurred by class counsel were necessary and reasonable and are approved.

8. The Court **APPROVES** the payment to Settlement Class Administrator Settlement Services, Inc. in the amount of $25,000.00 for settlement administration expenses because, based on the evidence and arguments presented in the Motion papers and during the

fairness hearing, such settlement administration expenses are necessary and reasonable.

9. This action is **DISMISSED WITH PREJUDICE.** This Final Approval Order is a final judgment for purposes of appeal and this document shall be considered notice of entry of such judgment. There being no just reason for delay in the entry of final judgment, the Clerk is hereby directed to enter judgment thereon.

10. Without affecting the finality of this judgment in any way, the Court retains continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Order and the terms of the Class/Collective Action Settlement and Release Agreement (Doc. No. 73-1).

**SO ORDERED** this 14th day of November, 2023.

_____
BRIDGET M. BRENNAN
United States District Judge